### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY DUNCAN | CRIMINAL ACTION<br>NO. 16-274 |

**PAPPERT, J.**                                                                                              **July 14, 2022**

### MEMORANDUM

Jeffrey Duncan moves for early termination of his 25-year term of supervised release. (ECF 4.) The Government opposes his motion (ECF 7)[1] and the Court denies it.

### I

In 2012, Duncan pleaded guilty pursuant to a written plea agreement to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He had more than 600 images of child pornography on his computer, including images depicting a pre-pubescent minor and sadomasochistic conduct. (Gov't Resp., ECF 7 at 2.) He faced a maximum sentence of ten years imprisonment, a $250,000 fine and a term of supervised release of five years to life. (*Id.*) The District Court for the Western District of New York sentenced him to 60 months imprisonment, followed by 25 years of supervised release. (*Id.*) Duncan did not appeal. (*Id.*) He served the sentence of imprisonment and has served a little over six years of his supervised release term. (*Id.*;

---

[1] The Court need not address the Government's argument that Duncan's plea agreement bars the relief he seeks. (Gov't Resp., ECF 7 at 3-10.) Regardless of whether Duncan waived his ability to challenge his term of supervised release, early termination is not warranted.

*see also id.* at 1.)

In seeking early termination, Duncan says the Sex Offender Management Program he participated in while incarcerated gave him a "new understanding" of the man he was when he committed his crimes and that engaging in mandatory group therapy after his release taught him "how to live as the man [he] wanted to be." (Def.'s Mot., ECF 4 at 3.) He has been employed at the same company since his release from prison and has been promoted several times. (*Id.* at 4.) He says he takes "full responsibility" for the crime he committed and "will not jeopardize" his second chance. (*Id.*) Although he acknowledges post-release supervision is "a necessary part of sentencing" he asks the court to consider whether 19 more years of supervision are "truly necessary" in his case. (Def.'s Mot., ECF 4 at 4-5.) At this point, they are.

## II

The Court "may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether early termination is appropriate, the Court considers factors including:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (listing the 18 U.S.C. § 3553(a)

factors relevant to a request for early termination of supervised release) (citations omitted).  District courts entertaining motions for early termination of supervised release need only make clear that they have considered the statutory factors and are not required to make specific findings of fact with respect to them.  *Id*. at 52-53.  New or changed circumstances are not required to grant relief.  *Id*. at 53.  However, when a sentence is "'sufficient, but not greater than necessary' when first pronounced," a motion for early termination should provide some justification for a change in the sentence that was originally imposed.  *Id*.

    Duncan has not shown early termination would be in the interest of justice and he presents no reason why being on supervised release impedes his ability to work or live his life.  He agreed before sentencing that 25 years of supervised release were appropriate given the seriousness of his crime.  *See United States v. Grape*, 549 F.3d 591, 602 (3d Cir. 2008) ("[W]e have recognized the seriousness of child pornography charges.").  He has completed less than a quarter of his supervised release term and, while on supervised release, he remains subject to certain special conditions to ensure the public's protection.  (*See* ECF 3.)  They include a prohibition from possessing or downloading child pornography, notifying the probation office about computers and other devices he uses with internet access and allowing installation of online surveillance applications.  (*Id*.)  Duncan is also required to participate in mental health programs designed for sex offenders, to avoid contact with minors absent a probation officer's permission, to avoid loitering in places primarily used by children and to keep a current registration under the Sex Offender Registration and Notification Act everywhere he lives, works or studies.  (*Id*.)  These are all important societal safeguards

which should remain in place.

While the Court credits his ongoing rehabilitation, self-reflection and the steps he continues to take to rebuild his life, "compliance" is "the expectation" and "generally is not enough to warrant termination of supervised release." *United States v. Damiano*, No. 07-153, 2020 WL 7263183, at *2 (E.D. Pa. Dec. 10, 2020). Weighing the Section 3553(a) factors and balancing Duncan's appropriate conduct while on supervised release against the circumstances underlying his conviction – his possession of child pornography – continued supervision to assure rehabilitation, compliance with the law and protection of the public is appropriate.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.